IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Carita Burns and John Burns,           )<br>                                                           )<br>                          Plaintiffs,  )<br>                                                           )<br>vs.                                                     )<br>                                                           )<br>Secure Energy Services, Inc., Secure Energy  )<br>Services USA, LLC, and Eugene Davis,  )<br>                                                           )<br>                          Defendants.  ) | Civil No. 1: 18-cv-194<br><br>**COMPLAINT AND JURY DEMAND** |

**COMES NOW**, the Plaintiffs, by and through their attorneys, Mark V. Larson of Larson Law Firm, P.C., and Christopher Smith of Smith Law Firm, and for their *Complaint* states and alleges as follows:

## I. PARTIES, JURISDICTION AND VENUE

¶1.  Plaintiffs are residents of Orange, Texas.

¶2.  Defendant Secure Energy Services, Inc., is a foreign limited liability company which was licensed to do business in the State of North Dakota at the time of the subject incident.

¶3.  Defendant Secure Energy Services USA, LLC, is a foreign limited liability company licensed to do business in the State of North Dakota.

¶4.  Defendants Secure Energy Services, Inc., and Secure Energy Services USA, LLC are hereby referenced collectively as "Defendants" unless otherwise stated.

¶5.  Defendant Eugene Davis is believed to be a resident of Ray, North Dakota.

¶6.  This Court has jurisdiction over the parties and controversy pursuant to 28 U.S.C. §1332 because Plaintiffs and Defendants have diversity of citizenship and the amount in controversy is greater than $75,000.00. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

## II. **FACTUAL BACKGROUND**

¶7.     On July 22, 2016, Plaintiff Carita Burns was traveling eastbound on Highway 2 and 85 West in Williston, North Dakota. On this same date, Defendant Eugene Davis was traveling southbound on Town and Country Lane, near Highway 2 and 85 West in a vehicle owned by Defendants. Defendant Eugene Davis was attempting to cross Highway 2 and 85 West. In the process of doing so, Defendant Eugene Davis failed to yield to right-of-way, crossing traffic which resulted in Plaintiff Carita Burns striking Defendant Eugene Davis.

¶8.     Defendant Eugene Davis owed Plaintiff Carita Burns the duty to exercise reasonable care in the operation of his vehicle and Defendant Eugene Davis breached that duty when he failed to operate his vehicle in a safe, reasonable, and prudent manner.

¶9.     As a result of the collision, Plaintiff Carita Burns suffered severe and numerous injuries including headaches, injuries to her left wrist and left elbow, injuries to her right knee, noise sensitivity, short-term memory issues, post-concussion syndrome, and other injuries. Said injuries were slow to heal, and some have not healed. As a result, Plaintiff Carita Burns suffered pain that requires continuing care.

¶10.    As a result of the collision, Plaintiffs have incurred expenses for medical care and other expenses in an amount to be proven at trial greater than $75,000.00.

### III. CAUSE OF ACTION - NEGLIGENCE
*Eugene Davis*

¶11.   Plaintiffs reassert each and every matter or thing asserted in paragraphs 1 through 10 as if fully set forth herein.

¶12.   Defendant Eugene Davis failed to exercise ordinary care in the operation of his motor vehicle. As a result of Defendant Eugene Davis's negligence, Plaintiff was severely injured.

¶13.   Defendant Eugene Davis was negligent in failing to yield to oncoming traffic before attempting to cross the highway and was otherwise negligent in failing to safely operate his vehicle. Defendant Eugene Davis improperly and negligently operated his vehicle, and, as a consequence, was responsible for the subject collision.

¶14.   As a result of Defendant Eugene Davis's negligence, Plaintiff has suffered and will continue to suffer from mental anguish, emotional distress, and pain and suffering.

¶15.   As a result of Defendant Eugene Davis's negligence, Plaintiffs also suffered economic damages, medical bills, and other expenses.

### IV. CAUSE OF ACTION - NEGLIGENT ENTRUSTMENT
*Secure Energy Services, Inc., and Secure Energy Services USA, LLC*

¶16.   Plaintiffs reassert each and every matter or thing asserted in paragraphs 1 through 15 as fully set forth herein.

¶17.   Defendants were the owners of the vehicle driven by Defendant Eugene Davis.

¶18.   Defendants made no effort to ensure that the vehicle operated by Defendant Eugene Davis was to be used in a safe and prudent manner; and, as a consequence, is responsible for any actions with the vehicle.

¶19.   Defendants' failure to ensure that the vehicle operated by Defendant Eugene Davis was to be operated in a safe and prudent manner is an act of negligent entrustment for which Defendants must be held liable.

## V. CAUSE OF ACTION - RESPONDEAT SUPERIOR
*Secure Energy Services, Inc., and Secure Energy Services USA, LLC*

¶20.   Plaintiffs reassert each and every matter or thing asserted in paragraphs 1 through 19 as fully set forth herein.

¶21.   Defendant Eugene Davis was an employee, agent, or representative of Defendants at all times relevant hereto and was engaged in activity that was within the scope of, and during the course of, his employment for Defendants.

¶22.   Defendant Eugene Davis was engaged in an activity while on the clock for Defendants with the knowledge and consent of his supervisor.

¶23.   Defendants are liable to Plaintiffs for the injuries and damages sustained by them under the theory of respondeat superior and vicarious liability.

## VI. CAUSE OF ACTION - LOSS OF CONSORTIUM
*John Burns*

¶24.   Plaintiffs reassert each and every matter or thing asserted in paragraphs 1 through 21 as fully set forth herein.

¶25.   Plaintiff John Burns is the husband of Plaintiff Carita Burns. As a consequence of the injuries to Plaintiff Carita Burns, their marriage has been damaged.

¶26.   Plaintiff John Burns lost the care, services and affection of his wife as a direct result of the injuries she suffered in the subject collision.

¶27. Plaintiff John Burns is entitled to recover for his consortium loss in an amount greater than $75,000.00.

¶28. WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1. For a judgment of general damages against Defendants in an amount to be determined at trial;
2. For a judgment of special damages against Defendants in an amount greater than $75,000, to be proven at trial;
3. For Plaintiff's costs, attorneys' fees, and interest, (if allowed by law or equity); and
4. For such relief as the Court deems just and equitable.

Dated this 26th day of September, 2018.

LARSON LAW FIRM, P.C.

/s/ Mark V. Larson
Mark V. Larson (ID# 03587)
1020 North Broadway
P.O. Box 2004
Minot, ND 58702-2004
Phone: (701) 839-1777
E-Mail: larslaw@srt.com

SMITH LAW FIRM, PLLC

Christopher Smith*
1006 Green Avenue
Orange, Texas 77630
Phone: (409) 886-7766
E-Mail: chris@smithlawfirmtx.com
*Petition for Admission to the Bar of the US District Court for District of North Dakota pending*

ATTORNEYS FOR THE PLAINTIFF

## DEMAND FOR JURY TRIAL

Plaintiff herein demands a trial by jury of the maximum number of jurors permitted by law.

                                                 /s/ Mark V. Larson
                                                 Mark V. Larson (ID#03587)